IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARKCUS GOODE | : | NO. 11-204-1 |
| PROMISE MEBRTATU | : | -2 |

**M E M O R A N D U M**

GENE E.K. PRATTER, J.                                                                                                  OCTOBER 17, 2012

**Introduction**

        Markcus Goode and Promise Mebrtatu were adjudged guilty on a host of, but not all, charges by a jury following a trial on charges that they - - among others - - conspired to commit bank fraud and aggravated identity theft (one count of violating 18 U.S.C. §371); committed bank fraud (five counts of violating 18 U.S.C. §1344); and committed aggravated identity theft (26 counts of violating 18 U.S.C. §1028A). Mr. Goode and Ms. Mebrtatu invoke Rule 29 of the Rules of Criminal Procedure seeking a judgment of acquittal on Counts 16, 21, 22, and 23 (four of the aggravated identity theft counts).[1]

**Legal Standard**

        Rule 29 of the Federal Rules of Criminal Procedure permits the entry of judgment of acquittal only if the trial court concludes that the evidence introduced at trial was not sufficient to sustain a conviction. F.R.Cr.P.29 (a).

---

[1] The jury did not find the Defendants guilty on Counts 21, 22, or 23. Therefore, the Court considers the Motion as directed at the guilty verdict on Count 16 only.

1

The issue for the trial court is to consider and determine whether the Government has introduced "substantial evidence to support the jury's guilty verdict." United States v. Wexler, 838 F.2d 88, 90 (3d Cir. 1998). The defense bears the burden to show that the jury's verdict is not supported by legally sufficient evidence. The trial court is obliged to view the evidence in the light most favorable to the prosecution, including all reasonable inferences in favor of the Government's case, in order to evaluate whether rational finders of fact could have found proof of guilt beyond a reasonable doubt. United States v. Richardson, 658 F.3d 333, 337 (3d Cir. 2011); United States v. Walker, 657 F.3d 160, 171 (3d Cir. 2011).

In fulfilling this function, the Court must not usurp the jury's role by re-weighing the evidence, by re-evaluating the various witnesses' credibility, or by replacing the jury's judgment with its own. United States v. Mercado, 610 F. 3d 841, 845 (3d Cir. 2010), quoting United States v. Boria, 592 F.3d 476, 480 (3d Cir. 2010). Instead, the Court must confine itself to the question of whether the Government's evidentiary failure, if any failure even exists, is clear. United States v. Gonzales, 918 F.2d 1129, 1132 (3d. Cir. 1990).

**Legal Conclusions**

With this background the Court considers the evidence presented as to Count 16 of the Indictment - - the aggravated identity theft charge emanating from the allegation that on or about July 7, 2010 the Defendants used the identity of Amy Vakil to commit fraudulent transactions against Ms. Vakil's account at Citizens Bank. Phrased differently, the question is whether a rational fact finder could have concluded from the evidence presented at trial that Mr. Goode and Ms. Mebrtatu knowingly used the means of identification of another person, did so without lawful authority and did so during and in relation to bank fraud, all in relation to one "Amy Vakil" - - or aided and abetted such conduct. After again reviewing the record, the Court

concludes that the verdict is entirely sustainable.

During the trial, Citizens Bank's fraud investigator Todd Swoyer testified concerning a host of fraudulent transactions delineated in a composite exhibit (Govt. Ex. 201), one of which was a July 7, 2010 withdrawal against the account of Amy Vakil in the amount of $1,300. Mr. Swoyer went on to testify about his investigation of that transaction as further documented by Govt. Ex. 1601, i.e., the withdrawal slip used for the transaction and the surveillance photos of the check "runner" who actually made the withdrawal. The jury was told that the check runner caught in the photos was first referred to as "Vakil" for identification purposes but was eventually identified as Colleen Jester. A number of cooperating witnesses "connected the dots" running from the "Vakil" transaction back to the Defendants. The name "Colleen" was tied to a co-conspiring check runner participating in the scheme orchestrated by Defendants Goode and Mebrtatu through the trial testimony of check runner Jessica Randolph who told the jury the names of other check runners - - "Lisa," "Cliff," "Sally," "Colleen," and "Keith." (Randolph testimony, 6/27/12 N.T. 200, 201). The jury also heard from Clifford Collins, another self-admitted check runner working for Mr. Goode that he (Mr. Collins) traveled to Delaware with Mr. Goode, Ms. Mebrtatu and "another gentleman and another lady and that he (Mr. Collins) saw "the lady" enter the bank to get money, that Mr. Collins then followed suit and that he and "the lady" had been provided withdrawal slips and fraudulent picture I.D.'s. (Collins testimony, 6/27/12 N.T. 149-51). Citizens Bank surveillance photographs for its Newark, Delaware branch on August 30, 2010 show Mr. Collins and Colleen Jester together (Govt. Ex. 1901), and she is the same individual photographed for the fraudulent "Vakil" transaction caught in the July 7, 2010 Bank surveillance. Mr. Swoyer's investigatory materials also tie the same woman shown in the July 7, 2010 "Vakil" transaction making other withdrawals against the accounts of other

Citizens Bank customers (Karen Painter and Darla Hoffer) in other Citizens Bank branches on the same day.  See Govt. Ex. 201.  In addition, the Government highlighted for the jury that some of the checks cashed by Colleen Jester and Clifford Collins were drawn on the same accounts, namely Robert Stoply, Elisa Jones and Angela Brown, all connections that tie the Colleen Jester "Vakil" transaction to the broader scheme orchestrated by Mr. Goode and Ms. Mebrtatu.

All of the foregoing provides entirely adequate evidentiary grounds for the jury to find the Defendants guilty of the Count 16 charges beyond a reasonable doubt.

**Conclusion**

Accordingly, the Court denies the Rule 29 motion filed by Defendants Markcus Goode and Promise Mebrtatu.  An Order consistent with this Memorandum accompanies this explanation.

BY THE COURT:

   /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge